

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2008

# USA v. Gayton

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Gayton" (2008). *2008 Decisions*. Paper 199.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/199

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4514

_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER GAYTON,

Appellant.

Appeal from the Order of the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 03-cr-00185)
District Judge: Honorable Thomas I. Vanaskie

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 18, 2008

_____

Before: SCIRICA, Chief Judge, FUENTES, and HARDIMAN, Circuit Judges.

(Filed: November 25, 2008 )

_____

OPINION

_____

FUENTES, Circuit Judge:

Christopher Gayton appeals from his 100-month sentence following a guilty plea

for drug-related offenses.  He argues that the District Court erred when it stated it had no

authority to consider Gayton's fully discharged three-year state prison sentence on unrelated charges under the United States Sentencing Guidelines. For the reasons stated below, we will affirm.[1]

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. In May 2002, Gayton was arrested in Pennsylvania and charged with possession with intent to manufacture or deliver marijuana and other charges. The authorities released Gayton pending resolution of the charges. In August 2002, operators of a local hotel summoned police when they could not reach Gayton inside his room. Police found crack and cocaine, as well as other contraband, in the room. Gayton was arrested on an outstanding warrant related to his prior state drug charges. He subsequently served a three-year term in state prison.

While he was in state prison, a federal grand jury indicted Gayton on a charge of conspiracy to distribute and possession with intent to distribute over 50 grams of crack and cocaine. Gayton pled guilty, and after he completed his state sentence, the District Court sentenced Gayton to 100-months' imprisonment. The District Court did not consider the conduct underlying his state prison sentence as relevant conduct in the calculation of Gayton's federal sentence.

Before the District Court formally imposed the sentence, Gayton, through his

_____

[1]    The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

2

counsel, asked the Court about credit for time served. The context of the conversation that followed reflects that the District Court, as well as defense counsel, were referring to time Gayton had already served in federal custody following his release from his state sentence. The District Court noted that the Bureau of Prisons would give credit for the time Gayton was in federal custody.

On appeal, Gayton argues that his question to the sentencing court reflected his request for a downward departure under U.S.S.G. § 5G1.3 for time served in state prison, and that it was error for the District Court to state that it had no authority to consider such a request.[2]

We disagree with Gayton's interpretation of the exchange between the District Court and defense counsel during the sentencing hearing. The record demonstrates that the District Court never indicated that it did not have the "authority" to consider a downward departure, which Gayton never requested. In response to the defense's question about credit for time served, the District Court stated, ". . . Mr. Gayton completed his state sentence on August 2 of this year, and . . . he'll get credit on his Federal sentence from August 2 forward. I don't believe he'll get credit for the time before August 2." (App. at 31.) The District Court continued, ". . . [T]he sentence

---

[2] We review a District Court's interpretation of the Guidelines de novo. United States v. Pray, 373 F.3d 358, 360 (3d Cir. 2004). However, where a defendant fails to object on the record, and raises the issue of a downward departure only on appeal, we review the District's Court's decision for plain error. United States v. Pardo, 25 F.3d 1197, 1193 (3d Cir. 1994).

3

computation is a matter for the Bureau of Prisons . . . and you'll get credit for all the time that you've been in Federal custody." (App. at 31.) After this discussion, Gayton requested assignment to a prison close to his family, and in no way attempted to clarify that he wanted credit for time served in state prison rather than the time he had already spent in federal custody. Therefore, we conclude that Gayton did not request a downward departure before or during sentencing.

Even assuming Gayton had formally moved for a downward departure based on time served, the District Court was under no obligation to grant such a request. The Guidelines state that a downward departure may apply where "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense." U.S.S.G. § 5G1.3(b) (emphasis added). The District Court did not consider Gayton's state charges as "relevant conduct" in computing the federal sentence. The record demonstrates that the District Court did not err by not decreasing Gayton's sentence based on his time served in state prison on unrelated state charges.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.